UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTONIO FERNANDEZ,<br><br>               Plaintiff,<br><br>        v.<br><br>ALFRED SANTOS FAMILY PARTNERSHIP, CASA CAMINO FIFI, INC., and DOES 1 through 10,<br><br>               Defendants. | Case No.: CV 19-02334-CJC (AGRx)<br><br><br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [Dkt. 18] |

## I. INTRODUCTION

Plaintiff Antonio Fernandez brings this action against Defendants Alfred Santos Family Partnership and Casa Camino FIFI, Inc. for violations of the Americans with Disabilities Act of 1990 ("ADA") and Unruh Civil Rights Act ("UCRA"). (Dkt. 1

[Complaint, hereinafter "Compl."].)  Before the Court is Plaintiff's motion for default judgment.  (Dkt. 18.)  For the following reasons, the motion is **GRANTED**.[1]

## II.  BACKGROUND

Plaintiff is paralyzed from the waist down and uses a wheelchair for mobility. (Compl. ¶ 1.)  On March 7, 2019, he went to eat at Casa Camino, a restaurant located at 9060 Slauson Avenue, Pico Rivera, California.  (*Id*. ¶ 3.)  Defendant Alfred Santos Family Partnership owns the real property at that address.  (*Id*. ¶¶ 2–3.)  Defendant Casa Camino FIFI, Inc. operates and owns the restaurant.  (*Id*. ¶¶ 4–5.)

While at Casa Camino, Plaintiff attempted to use the restroom.  (Dkt. 18-5 [Declaration of Antonio Fernandez] ¶ 4.)  He was unable to do so because the toilet stall was too narrow and included only one grab bar.  (*Id*.)  He was also unable to use the sink because it did not have sufficient clearance for his knees.  (*Id*.)  He claims that these conditions created significant difficulty and frustration.  (*Id*. ¶ 5.)  Due to the lack of an accessible restroom, he alleges that he has been deterred from visiting Casa Camino, despite living less than three miles away.  (*Id*. ¶¶ 7–8.)

Plaintiff lodged a complaint with the Center for Disability Access ("CDA") about these issues.  Evens Louis, an investigator with the CDA, went to Casa Camino to investigate.  On March 21, 2019, Louis measured and photographed the men's restroom. (Dkt. 18-6 [Declaration of Evens Louis] ¶ 2; Dkt. 18-7 Ex. 4 [Photographs of Casa Camino].)  Using a tape measure, he found that the restroom stall measured 43 inches in width and 58 inches in depth.  (*Id*. ¶ 3.)  He also took photographs of the stall, which

---

[1] Having read and considered Plaintiff's motion, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for August 5, 2019, at 1:30 p.m. is hereby vacated and off calendar.

showed only one grab bar, on the right side of the toilet.  (*Id.* ¶ 4.)  Turning to the

restroom sink, he confirmed that it did not provide any clearance for wheelchair users.

(*Id.* ¶ 5; Dkt. 18-7 Ex. 4 at 5.)

On March 28, 2019, Plaintiff filed the instant action, asserting causes of action for

violations of the ADA and UCRA.  (*See* Compl.)  The Court entered default against

Defendants Casa Camino FIFI, Inc. and Alfred Santos Family Partnership on April 29,

2019 and May 8, 2019, respectively.  (Dkts. 11, 13.)

# III. ANALYSIS

In considering whether to enter default judgment against a defendant, the Court

must first determine whether it has jurisdiction over the subject matter and the parties to

the case.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  This Court has subject matter

jurisdiction over violations of the ADA pursuant to 28 U.S.C. § 1331.  Because Plaintiff's

UCRA claim arises out of the same operative facts, it falls within the Court's

supplemental jurisdiction pursuant to 28 U.S.C. 1367.  The Court also has personal

jurisdiction over Defendants because the property giving rise to this action is located in

Pico Rivera, California.  The Court has jurisdiction over this case.

### A.    Procedural Requirements

Under Federal Rule of Civil Procedure 55(b)(2) and this Court's Local Rule 55-1,

Plaintiff's application for default must set forth "(1) when and against which party default

was entered; (2) the identification of the pleadings to which default was entered;

(3) whether the defaulting party is an infant or incompetent person, and if so, whether the

person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of

1940 does not apply; and (5) that notice of the application has been served on the

defaulting party, if required." *Philip Morris USA v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

Here, Plaintiff has set forth the required information: (1) the Court entered default against both Defendants, (Dkts. 11, 13), (2) the default was entered as to the Complaint, (*id.*), (3) neither Defendant is an infant or incompetent person, (Dkt. 18-4 [Declaration of Dennis Price] ¶ 2), (4) the Soldiers' and Sailors' Relief Act of 1940 does not apply, (*id.*), and (5) the notice requirements of Rule 55(b)(2) do not apply because Defendants have not appeared in this action despite being served with Plaintiff's Complaint and motion for default judgment, (*id.* ¶¶ 6–7). Accordingly, the procedural requirements for default are satisfied.

## B.    Merits of the Motion for Default Judgment

After entry of default, a court may grant default judgment on the merits of the case. Fed. R. Civ. P. 55(a)–(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors articulated in *Eitel v. McCool* in exercising such discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d 1470, 1471–72 (9th Cir. 1986). Because default has been entered in this case, the Court must construe as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d

915, 917–18 (9th Cir. 1987).  The *Eitel* factors weigh in favor of entering default judgment against Defendants.

## 1.  Possibility of Prejudice to Plaintiff

If the motion for default judgment is not granted, Plaintiff "would be denied the right to judicial resolution of the claims presented." *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).  By choosing to default rather than defend, Defendants are "deemed to have admitted the truth of Plaintiff's averments," *Philip Morris*, 219 F.R.D. at 499, thereby establishing their liability.  Absent the entry of default judgment against Defendants, Plaintiff would have no other recourse for relief.

## 2. & 3.  The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that the plaintiff state a claim on which he may recover." *Phillip Morris*, 219 F.R.D. at 499.  Plaintiff brings claims for violation of the ADA and derivative damages under state law.  To succeed on his ADA claim, Plaintiff must establish that (1) he is disabled within the meaning of the ADA, (2) the facility in question is a place of public accommodation, (3) the facility contains an architectural barrier, and (4) the plaintiff had actual knowledge of the architectural barrier precluding his full and equal access to the facility.  *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1132–33 (E.D. Cal. 2007); *see* 42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff has stated a claim for violation of the ADA.  Plaintiff faces severe mobility impairments that require use of a wheelchair.  (Compl. ¶ 1.)  He qualifies as disabled under 42 U.S.C. § 12102(2)(A) because he is "substantially limited" in performing several major life activities, including walking and standing.  Casa Camino

qualifies as a public accommodation because it is a restaurant that serves food and drink. *See* 42 U.S.C. § 12181(7)(B).  Casa Camino also contains several architectural barriers. Barriers are determined by reference to the ADA Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 945 (9th Cir. 2011).  Per the ADAAG, restrooms with toilet stalls must include one that is accessible to wheelchair users.  36 C.F.R. § 1191, App'x B § 213.3.  A wheelchair-accessible toilet stall must be at least 60 inches wide.  *Id*., App'x D § 604.8.1.1.  The stall must also include two grab bars to allow disabled persons to transfer to the toilet.  *Id*., App'x D § 604.5.   Here, the stall measured 43 inches in width and included only one grab bar, in clear violation of these provisions.  The restroom sink also failed to comply with the ADAAG's clearance requirements for wheelchair users, which require a knee clearance of at least 24 inches. *See id*., App'x D § 606.2.

Plaintiff has also stated a claim for violation of the UCRA.  "[A] violation of the right of any individual under the [ADA] shall also constitute a violation of [the UCRA]." Cal. Civ. Code § 51(f).  Under the UCRA, a party that discriminates against an individual in violation of the ADA shall be liable for actual damages no less than $4,000 and any attorneys' fees determined by the Court.  *Id*. § 52(a).  Accordingly, Plaintiff has alleged claims under the ADA and UCRA "on which he may recover."  *See Phillip Morris*, 219 F.R.D. at 499.

## 4.  The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to consider the amount of money at stake. *Eitel*, 782 F.2d at 1471–72.  Plaintiff seeks (1) $4,000 in statutory damages under the UCRA, (2) $4,800 in attorneys' fees, and (3) reasonable costs.  "Courts frequently grant default judgment in [UCRA] and ADA cases and impose similar financial liabilities on the defendant."  *Vogel v. Rite Aid Corp*., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014)

(awarding $13,739.20 in statutory damages, attorneys' fees, and costs).  Plaintiff seeks only the minimum statutory damage award under the UCRA and its attorneys' fees and costs incurred in bringing action.  The Court finds this amount reasonable in light of the violations alleged.

## 5. & 6.  The Possibility of a Dispute Concerning Material Facts and Whether the Default Was Due to Excusable Neglect

The fifth and sixth *Eitel* factors require the Court to determine whether it is likely that there would be a dispute of material facts and whether Defendants' failure to litigate is due to excusable neglect.  The possibility of a dispute concerning material facts is unlikely.  The photographs submitted with the instant motion corroborate Defendants' violations of ADA accessibility standards.  While Defendants could have argued that removal of these barriers is "not readily achievable," they have failed to appear despite being served in this action.  *See Wilson*, 479 F. Supp. 2d at 1133 n.7 (holding that when a defendant fails "to plead that barrier removal is not readily achievable," it waives the defense).  There is no indication that Defendants' default was due to excusable neglect, as Plaintiff served Defendants with notice of both the Complaint and the instant motion.

## 7. The Public Policy Favoring Decisions on the Merits

Because public policy dictates that courts prefer to rule on the merits, this factor will always weigh against granting a motion for default judgment.  Nevertheless, Defendants' choice not to defend themselves renders a decision on the merits "impractical, if not impossible."  *PepsiCo Inc.*, 238 F. Supp. 2d at 1177.  Since the other *Eitel* factors all weigh in favor of granting default judgment, the Court will exercise its discretion to grant Plaintiff's motion for default judgment.

**D.  Relief Sought**

Once a court concludes that default judgment is appropriate, it must determine what damages or other relief is warranted.  Plaintiff carries the burden of showing it is entitled to the requested relief.  *Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

Plaintiff first seeks injunctive relief under the ADA and UCRA compelling Defendants to remove the architectural barriers in the men's restroom of Casa Camino. A court may grant injunctive relief for violations of the UCRA and ADA.  Cal. Civ. Code § 51(h); 42 U.S.C. § 12188(a)(2) ("In the case of violations [of the accessibility provisions] of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ."); *see Moeller v. Taco Bell*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011).  When "an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief," the plaintiff is not required to satisfy the other prerequisites for granting injunctive relief.  *Moeller*, 816 F. Supp. 2d at 859 (quoting *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175–76 (9th Cir. 2010)).  Here, Plaintiff has stated a claim for failure to remove architectural barriers in violation of the ADA. Defendants must address the barriers identified in Plaintiff's Complaint.  This means (1) providing an accessible restroom sink that complies with the ADAAG's wheelchair clearance requirements, and (2) ensuring that one of its restroom stalls is at least 60 inches wide and contains two grab bars.

Plaintiff also seeks $4,000 in statutory damages under the UCRA.  As noted, a party is liable for damages under the UCRA for a violation of the ADA.  "To recover statutory damages, a plaintiff need only show that he was denied full and equal access, not that he was wholly excluded from enjoying defendant's services."  *Vogel*, 992 F.

Supp. 2d at 1014.  Plaintiff alleges that his enjoyment of the restaurant was impeded by the architectural barriers discussed above.  Plaintiff has submitted a declaration corroborating these allegations.  Accordingly, Plaintiff is entitled to $4,000 in statutory damages under the UCRA.

Plaintiff next requests $4,800 in attorneys' fees.  In default judgment actions, Local Rule 55-3 provides a "default calculation of fees."  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018).  However, when, as here, "a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court . . . is obliged to calculate a 'reasonable' fee in the usual manner, without using the fee schedule as a starting point."  *Id*.; *Design Collection, Inc., v. Unlimited Avenues, Inc*., 2019 WL 988679, at *5 (C.D. Cal. Jan. 18, 2019) (same).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," also known as the lodestar amount.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Plaintiff calculates its lodestar to be $4,800, based on its hourly rates.  (Dkt. 18-4 at 8.)  The Court finds this amount reasonable in light of the prevailing market rates, counsel's experience, and counsel's hours expended on the case.

Finally, Plaintiff seeks its costs incurred in bringing this action.  Plaintiff is entitled to reasonable costs pursuant to a Bill of Costs that may be filed in accordance with Local Rule 54-2.1.

//
//

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. The Court awards Plaintiff $4,000 in statutory damages, $4,800 in attorneys' fees, and reasonable costs pursuant to a Bill of Costs filed with the Clerk's Office.  Defendants shall ensure that the sink and restroom stall in the men's restroom at Casa Camino comply with the accessibility guidelines promulgated under the ADA.  A judgment consistent with this Order will be issued concurrently herewith.


DATED:    July 24, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE